## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LEO SHUMACHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CITRIX SYSTEMS, INC., ROBERT M. | ) | |
| CALDERONI, NANCI E. CALDWELL, | ) | |
| ROBERT D. DALEO, MURRAY J. DEMO, | ) | |
| THOMAS E. HOGAN, MOIRA A. | ) | |
| KILCOYNE, ROBERT E. KNOWLING, JR., | ) | |
| PETER J. SACRIPANTI, and J. DONALD | ) | |
| SHERMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff Leo Shumacher ("Plaintiff"), on behalf of himself and upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. This action arises from a proposed transaction (the "Transaction") through which Citrix Holdings Corp., ("Citrix or the "Company") will be acquired by affiliates of Vista Equity Partners ("Vista") and Elliott Investment Management L.P. ("Elliott").

2. Pursuant to the terms of the definitive agreement and plan of merger the companies entered into on January 31, 2022, each Citrix stockholder will receive $104.00 in cash for each Citrix share owned.

3. On March 3, 2022, defendants filed a materially incomplete and misleading Preliminary Proxy Statement on Schedule 14A (the "Proxy Statement") with the United States

Securities and Exchange Commission ("SEC") and disseminated to Company stockholders.

4.      Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Citrix.

9.      Defendant Citrix a Delaware corporation and maintains its principal offices at 851 West Cypress Creek Road, Fort Lauderdale, FL 33309. The Company's stock trades on the NASDAQ Global Select under the symbol "CTXS."

10.     Defendant Robert M. Calderoni ("Calderoni") has served as a member of the Board since June 2014 and Chairman of the Board since July 2015. Calderoni is the Company's Interim President and Chief Executive Officer.

11.     Defendant Nanci E. Caldwell has served as a member of the Board since July 2008.

12.     Defendant Murray J. Demo has served as a member of the Board since February 2005.

13.     Defendant Thomas E. Hogan has served as a member of the Board since December 2018.

14.     Defendant Moira A. Kilcoyne has served as a member of the Board since June 2018.

15.     Defendant Robert E. Knowling, Jr. has served as a member of the Board since October 2020.

16.     Defendant Peter J. Sacripanti has served as a member of the Board since December 2015.

17.     Defendant J. Donald Sherman has served as a member of the Board since March 2020.

18.     Defendants identified in paragraphs 10-17 are collectively referred to herein as the "Individual Defendants."

## FACTUAL BACKGROUND

**Background of the Company and the Transaction**

19.     Citrix, an enterprise software company, provides workspace, app delivery and security, and professional services worldwide. The Company offers workspace services, including Citrix Workspace; Citrix Virtual Apps and Desktops; Collaborative Work Management; Citrix 5 Content Collaboration, a cloud-based file sharing, digital transaction, and storage solution, which provides enterprise-class data services on various corporate and personal mobile devices; Citrix Analytics for Security that assesses the behavior of Citrix Virtual Apps and Desktops, and Citrix Workspace users and applies actions to protect sensitive corporate information; Citrix Analytics

for Performance, which uses machine learning to quantify user experience; Citrix Secure

Workspace Access that provides an end-to-end solution to implement Zero Trust principles; and

Citrix Secure Internet Access, which provides a solution that protects direct internet access for

branch and remote workers using unsanctioned apps. It also provides Citrix ADC that offers

application delivery controller, on-premise, in-cloud, and SaaS deployment option solutions. In

addition, the Company provides customer services, hardware maintenance, consulting, and

product training and certification services. The Company serves healthcare, financial services,

technology, manufacturing, consumer, and government agencies. It markets and licenses its

products through resellers, distributors, systems integrators, independent software vendors,

original equipment manufacturers, and service providers. The Company was formerly known as

Citrus Systems, Inc. and changed its name to Citrix Systems, Inc. in March 2009. Citrix was

incorporated in 1989 and is headquartered in Fort Lauderdale, Florida.

20.     On January 31, 2022, the Company announced the Transaction:

FORT LAUDERDALE, Fla.--(BUSINESS WIRE)-- Citrix Systems, Inc.
(NASDAQ: CTXS) ("Citrix"), today announced that it has entered into a definitive
agreement under which affiliates of Vista Equity Partners ("Vista"), a leading
global investment firm focused exclusively on enterprise software, data and
technology-enabled businesses, and Evergreen Coast Capital Corporation
("Evergreen"), an affiliate of Elliott Investment Management L.P. ("Elliott"), will
acquire Citrix in an all-cash transaction valued at $16.5 billion, including the
assumption of Citrix debt.

                                        ***

In connection with the transaction, Vista and Evergreen intend to combine Citrix
and TIBCO Software ("TIBCO"), one of Vista's portfolio companies. TIBCO is a
global leader in enterprise data management, empowering its customers to connect,
unify, and confidently predict business outcomes. The combination brings together
Citrix's secure digital workspace and application delivery suite with TIBCO's real-
time intelligent data and analytics capabilities to empower customers and users with
the secure application and information access and insights they need to accelerate
digital transformation and navigate the hybrid workplace. The union will create one
of the world's largest software providers, serving 400,000 customers, including 98
percent of the Fortune 500, with 100 million users in 100 countries. Further, it will

accelerate Citrix's defined growth strategy and SaaS transition. The combined company will be positioned to provide complete, secure and optimized infrastructure for enterprise application and desktop delivery and data management to advance hybrid cloud IT strategies and meet the needs of the modern enterprise.

"Over the past three decades, Citrix has established itself as the clear leader in secure hybrid work. Our market-leading platform provides secure and reliable access to all of the applications and information employees need to get work done, wherever it needs to get done. By combining with TIBCO, we will expand this platform and the outcomes our customers achieve," said Bob Calderoni, Chair of the Citrix Board of Directors and Interim Chief Executive Officer and President. "Together with TIBCO, we will be able to operate with greater scale and provide a larger customer base with a broader range of solutions to accelerate their digital transformations and enable them to deliver the future of hybrid work. As a private company, we will have increased financial and strategic flexibility to invest in high-growth opportunities, such as DaaS, and accelerate its ongoing cloud transition."

*** 

Added Dan Streetman, CEO of TIBCO, "There has never been a better time to be in the business of connected intelligent analytics, and we're thrilled to bring our industry-leading solutions to Citrix's global customers. The workplace has changed forever, and companies everywhere will require real-time access to faster, smarter insights from the increasingly large volumes of data available to them, their employees, and their ecosystems. I couldn't be more excited about our combined vision and look forward to a strong partnership."

"We have always viewed Citrix as a true technology pioneer, building and defining so many categories that have changed the landscape of the industry," said Monti Saroya, Co-Head of Vista's Flagship Fund and Senior Managing Director. "As a private company, Citrix will have access to additional resources and support, as well as more flexibility to take advantage of strong secular tailwinds with trends supporting modern and secure remote hybrid work to serve the combined customer base and invest in high growth markets."

"Citrix and TIBCO provide mission-critical software and services to many the world's most successful businesses, and we see tremendous value in combining their respective world-class offerings to help companies gather insight from the growing volumes of data generated by the hybrid work economy. Both businesses have now completed transitions to approximately 90% recurring revenue, poising the go-forward combined business to drive future growth," said John Stalder, Managing Director at Vista. "We look forward to partnering with Evergreen and the Citrix and TIBCO teams to ensure this is a seamless transition for all stakeholders."

"We have long appreciated the mission-critical role that Citrix plays in keeping workforces connected," said Managing Partner Jesse Cohn and Senior Portfolio Manager Jason Genrich on behalf of Evergreen and Elliott. "Having first invested in Citrix more than six years ago, we have a deep understanding of its unique strengths and significant potential as a private company. We look forward to partnering with Vista and working closely with Citrix's management team and its talented employees to expand its capabilities and help drive its next phase of growth."

**Terms of the Transaction**

The transaction, which has been unanimously approved by the members of the Citrix Board of Directors voting on the matter, is expected to close mid-year, subject to customary closing conditions, including approval by Citrix shareholders and receipt of regulatory approvals. The transaction is not subject to a financing condition. Upon completion of the transaction, Citrix's shares will no longer trade on the Nasdaq, and Citrix will become a private company. Citrix will continue to operate under the Citrix name and brand, and will remain headquartered in Fort Lauderdale, FL.

Elliott and certain of its affiliates, which hold an approximately 12% interest in Citrix through a combination of outstanding shares of Citrix common stock and derivatives, have entered into a voting agreement with Citrix, pursuant to which they have agreed, among other things, to vote their shares of Citrix common stock in favor of the transaction.

**The Proxy Statement Contains Material Omissions**

21.     On March 3, 2022, defendants filed the Proxy Statement, which fails to disclose material information regarding the Transaction.

22.     First, the Proxy omits material information regarding the Company's financial projections.  With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

23.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

24.     Second, the Proxy omits material information regarding the analyses performed by the Company's financial advisor, Qatalyst Partners LP ("Qatalyst").

25.     With respect to Qatalyst's Illustrative Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values of Citrix; (ii) the individual inputs and assumptions underlying the discount rates; (iii) Qatalyst's basis for selecting the multiples used in the analysis; and (iv) the number of fully diluted shares outstanding used in the analysis.

26.     With respect to Qatalyst's Selected Transactions Analysis, the Proxy Statement fails to disclose: (i) the closing dates of the transactions; and (ii) the total values of the transactions.

27.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

28.     In sum, the omission of the above-referenced information renders the Proxy materially incomplete and misleading, in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the upcoming Shareholder Vote, Plaintiff will be unable to cast an informed vote on the Transaction and is threatened with irreparable harm warranting the injunctive relief sought herein.

29.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated
Thereunder Against the Individual Defendants and Citrix**

30.     Plaintiff repeats all previous allegations as if set forth in full.

31.     The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

32.     Citrix is liable as the issuer of these statements.

33.     The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By nature of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

34.     The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

35.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Transaction.

36.     A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

37.     The Proxy is an essential link in causing plaintiff to approve the Transaction.

38.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

39.     Because of the false and misleading statements in the Proxy, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is

appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants**

40.  Plaintiff repeats all previous allegations as if set forth in full.

41.  The Individual Defendants acted as controlling persons of Citrix within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By nature of their positions as officers and/or directors of Citrix and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

42.  Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43.  In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Transaction.  They were thus directly involved in the making of the Proxy.

44.  By nature of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

45.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By nature of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Preliminarily and permanently enjoin defendants, and all persons acting in concert with them from proceeding with, consummating or closing the Transaction;

B.     In the event defendants consummate the Transaction, rescind and set it aside or award rescissory damages;

C.     Direct the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declare that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Award Plaintiff all attorneys' fees, expert fees, and expenses incurred in prosecuting this action; and

F.     Award all other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 16, 2022                    **RIGRODSKY LAW, P.A.**

                         By:  */s/ Gina M. Serra*
                              Gina M. Serra
                              825 East Gate Boulevard, Suite 300
                              Garden City, NY 11530
                              Telephone: (516) 683-3516
                              Email: gms@rl-legal.com

                              **C.O. LAW, APC**
                              Clark Ovruchesky
                              2404 Broadway, Suite 150
                              San Diego, CA 92102
                              Telephone: (619) 356-8960
                              Email: co@colawcalifornia.com

                              *Attorneys for Plaintiff*